UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN W. TARE, JR., ) | Case No.  4:08 CV 2167 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Report and Recommendation of Magistrate McHargh ("R&R") (**ECF No. 15**).  The Magistrate Judge recommends that the decision of the Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff John W. Tare, Jr.'s application for Disability Insurance Benefits ("DIB"), be reversed and remanded to the Social Security Administration ("SSA") for further proceedings.  (Id.)  The Commissioner filed an Objection to the R&R (**ECF No. 16**), and Plaintiff John W. Tare, Jr. filed a Response to the Objection (ECF No. 17).

For reasons articulated below, the Court **OVERRULES** the Commissioner's Objection, **ADOPTS** the R&R, **REVERSES** the Commissioner's decision and **REMANDS** the case to the Commissioner with the further instruction that the case be remanded to a different Administrative Law Judge ("ALJ") for review consistent with this Memorandum.

**I.**

On April 12, 2004, Tare filed an application for DIB, alleging a disability onset date of June 21, 2002, due to limitations brought on by fibromyalgia and left side pain. The application was supported by extensive medical records from Tare's treating physicians, and Tare's testimony of debilitating pain. The ALJ, without requesting an IME, rejected the conclusions of Tare's treating physicians, found that Tare was not fully credible regarding his limitations, and concluded that Tare had the residual functional capacity to perform light work restrictions and, therefore, was not disabled.  In his very thorough R&R, Magistrate Judge McHargh concluded that the ALJ's decision was not supported by substantial evidence. The Magistrate Judge found that the ALJ did not provide a sufficient basis to reject the conclusions of Tare's treating physicians, and that the ALJ's finding that Tare was not fully credible was suspect. While the ALJ was correct in requiring that Tare produce evidence to support his disability other than his subjective complaints of pain, the ALJ focused on objective tests and neglected to look for evidence of medically accepted signs of fibromyalgia, such as evidence of tenderness in the appropriate focal points. The Magistrate Judge noted, for example, that the ALJ made no mention of the fact that Dr. Toth, on many occasions, found numerous trigger points during his examination of Tare.

The thrust of the Commissioner's objections is that the Magistrate Judge used an incorrect standard of review, essentially substituting his judgment for that of the ALJ, and that there is in fact substantial evidence in the record to support the ALJ's findings.

There is no question that claims of disability due to fibromyalgia present very difficult cases. The condition is not disabling *per se*, presents in varying degrees of severity, and

impacts people differently according to their pain thresholds.  While it is a judgment call of the ALJ whether or not to request an IME, I believe that an ALJ should rarely, if ever, reject the unanimous conclusions of a fibromyalgia claimant's treating physicians without any countervailing medical testimony.  After a thorough review of the record, I do not believe there is substantial evidence to support the ALJ's conclusion that Tare is not disabled.  I agree with the ALJ that some questions are raised by Dr. Toth's notes that Tare was not exercising – which could bear on an assessment of Tare's credibility; but I cannot accept the ALJ's conclusion to reject the treating doctors' opinions and to find Tare not credible.  It would be appropriate to seek clarification from Dr. Toth directly, or of course to order an IME of Tare.

## II.

Accordingly, the Court hereby **OVERRULES** the Commissioner's Objection (**ECF No. 16**), **ADOPTS** the R&R (**ECF No. 15**), **REVERSES** the Commissioner's decision denying Tare's application for DIB, and **REMANDS** the case to the SSA for further proceedings consistent with this Memorandum of Opinion.  To insure that there will be a fresh assessment of Tare's credibility, I further direct that this case be assigned to a different ALJ.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     September 18, 2009*
**Dan Aaron Polster**
**United States District Judge**